IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | COMPLAINT |
| FELDMAN AUTOMOTIVE, INC., | ) ) | AND JURY DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Brandan Allen who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, Defendant Feldman Automotive, Inc., failed to hire Allen because of his religious beliefs.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Feldman Automotive, Inc. (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the Cities of Highland, Lansing, Livonia, New Hudson, Novi, and Waterford, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting

commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Brandan Allen filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about April 27, 2013, Defendant Employer engaged in unlawful employment practices at its Livonia, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as follows:

   a. Allen applied to work for Defendant Employer as a car salesperson in or about April 2013.

   b. On or about April 27, 2013, Defendant Employer failed to hire Allen because of his religious beliefs.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Allen of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his religious beliefs.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Allen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to hire an applicant on the basis of religion.

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities applicants regardless of their religion, and which eradicate the effects of its past and present unlawful employment practices.

C. ORDER Defendant Employer to make Allen whole by providing appropriate backpay with prejudgment interest, in

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the hiring of front pay for Allen.

  D. ORDER Defendant Employer to make Allen whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to job search expenses, in amounts to be determined at trial.

  E. ORDER Defendant Employer to make Allen whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. ORDER Defendant Employer to pay Allen punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. GRANT such further relief as the Court deems necessary and proper in the public interest.

H. AWARD the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        s/ Laurie Young
        LAURIE A. YOUNG
        Regional Attorney

        s/ Kenneth Bird
        KENNETH BIRD
        Supervisory Trial Attorney

Dated: September 23, 2014    s/ Miles Shultz
        MILES SHULTZ (P73555)
        Trial Attorney

        DETROIT FIELD OFFICE
        Patrick V. McNamara
        477 Michigan Avenue, Room 865
        Detroit, Michigan 48226

          Miles.Shultz@EEOC.GOV
          Tel. No. (313) 226-6217